UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

UNITED STATES OF AMERICA,  :
: CASE NO. 5:05-cr-131-9
Plaintiff/ Respondent  :
:
vs. : OPINION & ORDER
: [Resolving Doc. No.1423  1426]
JOHN SHREWDER,  :
:
Defendant/Petitioner.  :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 2, 2015, Petitioner Shrewder filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. Amendment 782.[1/]

For the reasons below, the Court **GRANTS** Petitioner Shrewder's motion for sentence reduction and imposes a new sentence of 137 months, effective November 1, 2015.

**I. Factual and Procedural Background**

On February 2, 2007, Judge Wells sentenced Petitioner Shrewer to a term of 170 months of incarceration, followed by three years of supervised release.[2/] Petitioner's original offense level was 38, based on a base offense level of 38 for at least 1.5 kilograms of methamphetamine (actual).[3/]

Judge Wells then applied a two-level enhancement for possession of a dangerous weapon, a three-level enhancement for role in the offense, a three-level reduction for acceptance of

---

[1/] Doc. 1423.
[2/] Doc. 1423-1.
[3/] *Id.*

Case No. 5:05-cr-131-9
Gwin, J.

responsibility, and a one-level reduction for substantial assistance.[4]

Further, Judge Wells applied a two-level reduction based on Petitioner's age and a two-level reduction based on his medical condition.[5] Judge Wells calculated the final offense level at 35. Given that Petitioner Shrewder had a Criminal History Category designation of I, the sentencing guideline range was 168 to 210 months.

Judge Wells imposed a sentence of 170 months, 2 months above the bottom of the guideline range.

Petitioner now seeks a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. Amendment 782 .

## II. Law and Analysis

U.S.S.G. § 1B1.10 provides that in reducing a defendant's term of imprisonment under 18. U.S.C. 3582(c)(2), the court "shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[6]

Here, U.S.S.G. Amendment 782 is listed in subsection (d) of U.S.S.G. § 1B1.10. Amendment 782 "reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in §2D1.1, and made parallel changes to §2D1.11."[7]

Under Amendment 782, Petitioner Shrewder's amended base offense level is 36.[8] In

---

[4] Id.
[5] Id.
[6] U.S.S.G. 1B1.10(b)(1).
[7] U.S.S.G. Amendment 782 .
[8] The Government is correct that Petitioner's motion mistakenly suggests that the amended base level is 32. Petitioner based the amended base level upon offense conduct involving at least 1.5 kilograms of methamphetamine.
(continued...)

Case No. 5:05-cr-131-9
Gwin, J.

order to leave all other guideline application decisions unaffected, this Court applies the same enhancements and departures applied by Judge Wells. These enhancements and departures are: a two-level enhancement for possession of a firearm, a three-level enhancement for role in the offense; a three-level reduction for acceptance of responsibility, a one-level reduction for substantial assistance, a two-level reduction based on Petitioner's age, and a two-level reduction based on Petitioner's medical condition.

This court agrees with Petitioner Shrewer that *United States v. Thompson* does not control here.[9] In that case, the Sixth Circuit found that Petitioner was ineligible for a sentence reduction based on subsequent amendments to sentencing guidelines that reduced the ratio for crack versus powder cocaine. But Thompson's sentence was not based on the crack cocaine guidelines, but rather on the career offender guideline and a downward variance from that guideline range based on the statutory sentencing factors.[10]

The Thompson court held that the defendant was ineligible for a sentencing reduction because "Thompson's status as a career offender essentially trumped the range established under the crack cocaine guidelines. As a result, Thompson's sentence was not 'based on' the crack cocaine guidelines."[11]

That holding does not apply to the case at hand because Petitioner Shrewder was not a

---

[8](...continued)
However, Shrewder's conduct involved at least 1.5 kilograms of methamphetamine (actual), corresponding to an amended base level of 36.

[9] Doc. 1423.
[10] *United States v. Thompson*, 714 F.3d 946, 950 (6th Cir. 2013).
[11] *Id.*

Case No. 5:05-cr-131-9
Gwin, J.

career offender, and no other guidelines trumped the drug guidelines under which Judge Wells sentenced Petitioner.

This Court follows the explicit language of the Supreme Court in *Freeman v. United States* that instructs courts to:

> isolate whatever marginal effect the since-rejected Guideline had on the defendant's sentence. Working backwards from this purpose, §3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence.[12]

Here, a review of the sentencing transcript reveals that the drug guidelines were certainly a relevant part of the analytic framework that Judge Wells used in determining the sentence. The four point downward variance for Petitioner's health and age was applied to the offense level found under the drug guidelines. Thus, the drug guidelines were a relevant part of the analytic framework, and Petitioner Shrewer is eligible for relief.

Applying the aforementioned enhancements and departures leaves Petitioner with an amended base offense level of 33. Given Petitioner Shrewer's Criminal History Category designation of I, the resulting sentencing guideline range is 135 to 168 months.

Judge Wells imposed a sentence of 170 months, 2 months above the minimum in the guideline range of 168 to 210 months. To keep all other guideline decisions unaffected, this Court will impose a sentence two months above the minimum in the amended guideline range of 135 to 168 months. This Court thus reduces Petitioner Shrewer's sentence to 137 months.

U.S.S.G. § 1B1.10 allows for an order reducing a term of imprisonment based on

---

[12] *Freeman v. United States*, 131 S. Ct. 2685, 2692, (2011).

-4-

Case No. 5:05-cr-131-9
Gwin, J.

amendment 782 only if the effective date of the court's order is November 1, 2015 or later.[13] As such, the effective date of this order is November 1, 2015.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Petitioner Shrewder's motion and reduces the sentence to 137 months, effective November 1, 2015.

IT IS SO ORDERED.

Dated: October 16, 2015.             *s/          James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[13] U.S.S.G. 1B1.10(2)(e)(1).